Prob 12B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER

*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Ronald Jordan |
| **Docket Number:** | 1:96CR05114-01 OWW |
| **Offender Address:** | Los Angeles, California |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>Senior United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 11/13/2001 |
| **Original Offense:** | 18 USC 2113(a), Bank Robbery<br>(CLASS C FELONY) |
| **Original Sentence:** | 137 months Bureau of Prisons; 36 months supervised release; $100 special assessment; Mandatory drug testing |
| **Special Conditions:** | 1) Warrantless search |
| **Type of Supervision:** | Supervised release |
| **Supervision Commenced:** | 05/16/2006 |
| **Assistant U.S. Attorney:** | Dawrence Rice       **Telephone:** (559) 497-4031 |
| **Defense Attorney:** | Robert H. Beswick       **Telephone:** (818) 986-0893 |
| **Other Court Action:** | None |

**RE:     JORDAN, Ronald**
**        Docket Number:  1:96CR05114-01 OWW**
**        PETITION TO MODIFY THE CONDITIONS OR TERM**
**        OF SUPERVISION WITH CONSENT OF THE OFFENDER**

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

> The defendant shall comply with the conditions of home incarceration for a period of 180 consecutive days to commence when directed by the probation officer. During this time, the defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the defendant's probation officer. The defendant will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.
>
> At the discretion of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as determined by the probation officer.

**Justification:**   On May 16, 2006, the supervisee was released to the Central District of California and has been supervised by that district since. The following is an account of the supervisee's supervision adjustment and violations.

Initially the supervisee appeared to make a favorable adjustment to supervision, maintaining stable residence, and reporting to the probation office as instructed. The supervisee reported that he was addressing the reinstatement of his California Driver's License (CDL), which had been suspended prior to his incarceration for the instant offense.

At an office visit on July 11, 2006, the supervisee verbally advised his probation officer that though he had still failed to obtain his CDL, he had obtained his California Identification card and had enrolled in a vocational program. Not withstanding the aforementioned, on

**RE:   JORDAN, Ronald**
   **Docket Number:  1:96CR05114-01 OWW**
   **PETITION TO MODIFY THE CONDITIONS OR TERM**
   **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

July 13, 2006, the probation officer was telephonically contacted by the Federal Bureau of Investigations (FBI) Agent Derryl Craig.  Agent Craig reported that he was investigating an attempted bank robbery that occurred earlier on the above date, and that the supervisee was a person of interest in the investigation.  During this conversation, Agent Craig reported that the supervisee was contacted by the California Highway Patrol (CHP) on July 12, 2006, after initiating a traffic stop for speeding.  According to the FBI agent, the supervisee was driving a 1990 Mercedes Benz vehicle registered to him and that the supervisee presented to the CHP officer his CDL which the supervisee obtain on June 12, 2006.  (It should be noted that the supervisee was accompanied by another male and both were dressed to look like elderly women in wigs, make-up, and floral-print dresses.)

According to the supervisee, he and his passenger were on their way to a costume party.  It is of note that the attempted bank robbery in question occurred at a federal credit union bank north of where the supervisee and his passenger were stopped by the CHP officer and in the immediate vicinity of the 101 North freeway.

Subsequently, the supervisee failed to report the above-noted law enforcement contact and traffic citation to the probation officer.   Details of the attempted bank robbery involve two male suspects wearing women's clothes approaching a bank manager outside the credit union early on July 13, 2006, as she was walking towards the bank.  Both men allegedly advised her that they were carrying a bomb in a handbag.  When the manager screamed, one of the suspects grabbed her and attempted to cover her mouth.  Because her scream drew witness attention, both suspects fled the scene in a stolen vehicle.  The vehicle was shortly recovered thereafter.  Agent Craig presented the bank manager with a photographic "six-pack" line-up of suspects, and she identified the supervisee as one of the suspects.

At this point, the supervisee is a legitimate suspect in the above-noted attempted bank robbery.  Since the investigation of the supervisee is on-going, the agent requested that the probation officer confront the supervisee of the law enforcement contact and attempt to obtain the name of his passenger.   As an immediate sanction, the probation officer met

**RE:     JORDAN, Ronald**
        **Docket Number:  1:96CR05114-01 OWW**
        **PETITION TO MODIFY THE CONDITIONS OR TERM**
        **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

with the supervisee on July 17, 2006, and admonished him for his involvement in highly questionable conduct, his failure to report his contact with law enforcement, and his failure to report information in obtaining his driver's license.   Despite his denial of involvement in criminal activity, his actions indicate that he has failed to embrace a law-abiding lifestyle; and he also has failed to maintain compliance with his supervision conditions.

During his meeting with the probation officer, the supervisee agreed to a modification of his special conditions to include participation in a program of home detention, with an electronic monitoring option, or other location verification system for a period of 180 days. The Waiver of Hearing to Modify Conditions (Probation Form 49) has been signed and attached.  Furthermore, in light of the FBI's investigation, which may lead to a new federal conviction, it is requested that jurisdiction of this case be transferred to the Central District of California (Probation Form 22 is attached and transfer of jurisdiction is recommended.)

Respectfully submitted,

/s/ Jose T. Pulido

**Jose T. Pulido**
**United States Probation Officer**
Telephone:  (559) 499-5725

**DATED:**     July 19, 2006
            Fresno, California
            JTP

**REVIEWED BY:**     **/s/ Bruce A. Vasquez**
                **BRUCE A. VASQUEZ**
                **Supervising United States Probation Officer**

**RE:     JORDAN, Ronald**
    **Docket Number:  1:96CR05114-01 OWW**
    **PETITION TO MODIFY THE CONDITIONS OR TERM**
    **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

**THE COURT ORDERS:**

( X )   Modification approved as recommended.

(   )   Modification not approved at this time.  Probation Officer to contact Court.

(   )   Other:

IT IS SO ORDERED.

**Dated:    July 21, 2006**                                **/s/ Oliver W. Wanger**
emm0d6                                                 UNITED STATES DISTRICT JUDGE